UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ALYSSA N. LENTZ, )
)
    Plaintiff, )
)
v. ) No. 2:21-cv-1290
)
ATLANTIC RECOVERY SOLUTIONS, LLC, )
)
    Defendant. )

## PLAINTIFF'S COMPLAINT

Plaintiff, ALYSSA N. LENTZ ("Plaintiff"), by and through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

2. Count II of Plaintiff's Complaint is based on the Wisconsin Consumer Act ("WCA"), WIS. STAT. § 427.101, et seq.

## JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 as it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

**PARTIES**

7. Plaintiff is a natural person residing in the City of Milwaukee, Milwaukee County, State of Wisconsin.

8. Plaintiff is person as that term is defined or contemplated by the FDCPA and WCA.

9. In connection with its communications with Plaintiff, Defendant is attempting to collect a debt or a claim as those terms are defined respectively by the FDCPA and WCA.

10. Defendant is a debt collector as that term is defined by the FDCPA and WCA.

11. Defendant is a New York limited liability company and national collection agency headquartered in the Hamlet of Getzville, Town of Amherst, Erie County, State of New York.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant

sends to alleged debtors, and/or others, bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors, and/or others, via various means of telecommunication, such as by telephone and facsimile, as well as reporting alleged debts to credit reporting bureaus.

16. Within the past one year, Defendant attempted to collect a consumer debt from Plaintiff.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. Defendant places calls/sends text messages to Plaintiff, on Plaintiff's cellular telephone at 920-207-2973, in an attempt to collect on the alleged debt. (Exhibit A).

21. Defendant refers to its collection efforts on the alleged debt as "Case # 2302221".

22. Defendant calls and sends text messages to Plaintiff from several numbers, including 209-621-2810, which is one of Defendant's telephone numbers.

23. With regard to the above-referenced text messages:

    a. Defendant failed to disclose that the text messages are coming from Atlantic Recovery Solutions, LLC;

    b. Defendant failed to disclose that the text messages were made in an attempt to collect a debt and that any information obtained would be used for that purpose;

    c. Defendant made veiled and vague threats of legal action; and

3

    d. Defendant provided 315-496-7987 as its callback number—which is one of Defendant's telephone numbers.

24. Defendant also leaves voicemail messages for Plaintiff in its attempts to collect the alleged debt from Plaintiff.

25. With regard to the above-referenced voicemail messages:

    a. Defendant's collectors failed to disclose that the voicemail messages are coming from Atlantic Recovery Solutions, LLC;

    b. Defendant's collectors failed to disclose that the voicemail messages were made in an attempt to collect a debt and that any information obtained would be used for that purpose;

    c. Defendant's collectors made veiled and vague threats of legal action; and

    d. Defendant's collectors provided 855-221-4405, 888-827-3602, and 716-362-9685 as their callback numbers—which are Defendant's also telephone numbers.

26. To date, Plaintiff has not paid the alleged debt.

27. To date, Defendant has not sued Plaintiff.

28. Defendant has never intended to sue Plaintiff.

29. The natural consequences of Defendant's actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt Plaintiff allegedly owes.

30. Defendant's actions were calculated to coerce Plaintiff into payment of the alleged debt.

31. The natural consequences of Defendant's actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

32. The natural consequences of Defendant's actions were to cause Plaintiff mental distress.

# COUNT I:
# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant employed unlawful debt collection tactics to coerce Plaintiff into payment of the alleged debt;

    b. Defendant violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Defendant's text messages and voicemail messages failed to disclose that the messages were from Atlantic Recovery Solutions, LLC;

    c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

    d. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character and legal status of any debt when Defendant made veiled, vague, and empty threats of legal action both in its voicemail messages and text messages it sent to Plaintiff;

    e. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant made veiled, vague, and empty threats of legal action which it cannot legally take or

did not intend to take both in its voicemail messages and text messages it sent to Plaintiff;

f. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

g. Defendant further violated § 1692e(10) of the FDCPA when Defendant created the false impression on Plaintiff that Defendant was permitted by law to engage in unlawful collection tactics with impunity;

h. Defendant violated § 1692e(11) of the FDCPA when Defendant sent Plaintiff text messages and voicemail messages that did not state that the communications were an attempt to collect a debt and that any information obtained would be used for that purpose; and

i. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

34. Defendant's acts, as described above, were done intentionally.
35. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other and further relief as the Court deems proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ALYSSA N. LENTZ, respectfully requests that judgment be entered against Defendant for the following:

6

36. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

37. Statutory damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

38. Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3); and

39. For such other and further relief as the Court may deem just and proper.

## COUNT II:
## DEFENDANT VIOLATED THE WISCONSIN CONSUMER ACT

40. Plaintiff incorporates by reference the foregoing paragraphs 1-32 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

41. Defendant violated the Wisconsin Consumer Act. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated WIS. STAT. § 427.104(1)(h) by engaging in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer when Defendant made veiled, vague, and empty threats of legal action which it cannot legally take or did not intend to take both in its voicemail messages and text messages it sent to Plaintiff;

    b. Defendant violated WIS. STAT. § 427.104(1)(j) by its claim, or attempt or threat to enforce a right with knowledge or reason to know that the right does not exist when Defendant made veiled, vague, and empty threats of legal action which it cannot legally take or did not intend to take both in its voicemail messages and text messages it sent to Plaintiff; and

    c. Defendant violated WIS. STAT. § 427.104(1)(L) by threatening action against the customer unless like action is taken in regular course or is intended with respect to the particular debt when Defendant made veiled, vague, and empty threats of legal

7

action which it cannot legally take or did not intend to take both in its voicemail messages and text messages it sent to Plaintiff.

42. Defendant's acts, as described above, were done intentionally.

43. As a result of the foregoing violations of the Wisconsin Consumer Act, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other and further relief as the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ALYSSA N. LENTZ, respectfully requests that judgment be entered against Defendant for the following:

44. Actual damages pursuant to WIS. STAT. §§ 427.105(1) and 427.304(2) in an amount to be determined at trial;

45. Statutory damages of $1,000.00 from Defendant pursuant to WIS. STAT. § 427.304(1);

46. Costs and reasonable attorney's fees pursuant to pursuant to WIS. STAT. § 425.308; and

47. For such other and further relief as the Court may deem just and proper.

> Respectfully submitted,
> AGRUSS LAW FIRM, LLC
>
>
> By: /s/ James J. Parr
> James J. Parr
> IL State Bar #: 6317921
> Agruss Law Firm, LLC
> 4809 N. Ravenswood Ave., Suite 419
> Chicago, IL 60640
> Tel: 312-224-4695
> Fax: 312-253-4451
> james@agrusslawfirm.com
> Attorney for Plaintiff